**George L. MARSH, Plaintiff,**

v.

**Robert J. MOORE, as he is the Superintendent of the Massachusetts Correctional Institution, Walpole, Defendant.**

**Civ. A. No. 70–760–J.**

United States District Court,
D. Massachusetts.

April 8, 1971.

David S. Mortensen, Boston, Mass., for plaintiff.

Mark I. Berson, Boston, Mass., for defendant.

## MEMORANDUM

JULIAN, *District Judge.*

Plaintiff, George L. Marsh, a prisoner at the Massachusetts Correctional Institution at Walpole, has brought suit pursuant to 42 U.S.C. § 1983, alleging that he has been subjected to cruel and unusual abuse by defendant and his agents as a result of his attempts to petition the courts for redress of grievances. On February 9, 1971, this Court appointed David S. Mortensen, Esq., 28 State Street, Boston, Mass., to represent the plaintiff as counsel in the prosecution of his complaint. On March 30, 1971, a hearing was held on plaintiff's application for a preliminary injunction restraining the defendant and his agents from opening and reading correspondence between plaintiff and his counsel during the pendency of this action. Having considered the evidence presented, and the affidavits and memoranda submitted by the parties, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. George L. Marsh, plaintiff in this action, is a prisoner at Massachusetts Correctional Institution at Walpole (hereinafter MCI, Walpole), and an indigent.

2. David S. Mortensen, Esq., 28 State Street, Boston, Mass., is counsel of record, appointed by this Court, and he represents plaintiff in this action.

3. Robert J. Moore, defendant in this action, is Superintendent of MCI, Walpole.

4. It is the established practice and procedure at MCI, Walpole, to censor all ingoing and outgoing mail to and from the prisoners. This means that

a) Each item of outgoing mail from the prisoner must be left unsealed, so that Paul F. Sullivan, Senior Corrections Officer at MCI, Walpole, may scan each letter for objectionable material or derogatory comments. If the letter meets with his approval, it is then sealed by Mr. Sullivan or his agent, and mailed. If the letter does not pass Mr. Sullivan's inspection, it is not mailed, but returned to the prisoner.

b) Each item of incoming mail is opened, examined, and read by other prison employees, agents of the defendant, before it is received by the prisoners.

c) Letters from prisoners addressed to the Governor, the Commissioner of Correction, the Parole Board, the Superintendent, and the members of the General Court are not subject to censorship. They may be sealed by the prisoners and placed in special boxes for direct mailing.

5. In accordance with the established procedures at MCI, Walpole, letters from plaintiff to his attorney of record in

this action have been censored, and letters from the attorney of record to the plaintiff in this action have been censored.

6. Plaintiff and his attorney cannot confer freely by mail in the preparation of this action because of the established censorship proceedings at MCI, Walpole.

7. The distance between MCI, Walpole, and attorney Mortensen's offices at 28 State Street, Boston, is approximately twenty miles. The censorship procedures which prevent plaintiff and his attorney from conferring freely by mail cause undue inconvenience and unnecessary hardship to plaintiff and his attorney in the preparation of this action.

8. Defendant and his subordinates have at their disposal at MCI, Walpole, a fluoroscope and portable and fixed metal-detection devices, by which defendant and his agents can insure that correspondence between plaintiff and his counsel does not contain contraband, concealed weapons, or other materials injurious to the orderly and safe administration of MCI, Walpole.

■ 9. The potential danger to prison security from noncensored mail between plaintiff and his attorney relating to this action is so minimal as to be virtually nonexistent. Accordingly, there is no necessity for plaintiff to furnish a bond for security purposes under Rule 65(c) of the Federal Rules of Civil Procedure.

## CONCLUSIONS OF LAW

■ Prisoners must be allowed access to the courts in order to redress their grievances; prison officials must not unreasonably deny or obstruct this access to the courts. The Fourth Circuit has stated the proposition well:

"[O]ne who is put behind prison walls does not automatically surrender all rights. Our prior decisions recognize that 'a right of access to the courts is one of the rights a prisoner clearly retains. It is a precious right, and its administratively unfettered exercise may be of incalculable importance in

the protection of rights even more precious.' Coleman v. Peyton, 362 F. 2d 905, 907 (4 Cir.), cert. den., 385 U.S. 905, 87 S.Ct. 216, 17 L.Ed.2d 135 * * * (1966). This right, we have recognized, carries with it the right to seek and obtain the assistance of competent counsel so that the assertion of legal claims may be fully effective. Coleman v. Peyton, 340 F.2d 603 (4 Cir. 1965); McCloskey v. State of Maryland, 337 F.2d 72 (4 Cir. 1964). In *Coleman* (362 F.2d 905), we held that undelayed, uncensored, unlimited use of the mails was necessary to secure the right. In *Coleman* (340 F.2d 603), and *McCloskey* we recognized that the right to counsel carried with it the right to use the mails to obtain and communicate with counsel." McDonough v. Director of Patuxent, 1970, 4 Cir., 429 F.2d 1189, 1192.

See also Palmigiano v. Travisono, 1970, D.R.I., 317 F.Supp. 776; Morales v. Turman, 1971, E.D.Texas, 326 F.Supp. 677.

■ An incident of the right to counsel is the privileged nature of confidential communications between the plaintiff, as a litigant, and his attorney, concerning the pending case. This privilege should also be protected.

■ Prison censorship of a plaintiff's correspondence with his counsel thus restrains plaintiff's rights to free speech and to access to the courts for redress of grievances. Nevertheless, it is clear that such rights may be restricted by the state if the state has a legitimate and substantial interest which justifies the infringement of plaintiff individual's rights, and if the state's legitimate goals cannot be achieved by less restrictive alternative means. See Palmigiano v. Travisono, *supra*, 317 F.Supp. at 786.

The state does have a legitimate and substantial interest in maintaining prison security and in rehabilitating its prisoners. Among the dangers to prison security in uncensored mail to and from the prisoners are that contraband or weapons may be introduced into the

prison, escape plans may be communicated, and prisoners may maintain contact with other people for other unlawful purposes. These reasons, however, do not justify the censoring of plaintiff's correspondence with his attorney of record in this action. There has been no showing that uncensored correspondence between plaintiff and his attorney of record in this action would in any way jeopardize prison administration, security, or discipline. At most, there appears to be only a very remote and wholly speculative danger that an attorney, an officer of this court, would assist a prisoner in avoiding legitimate prison regulations.

■ Moreover, measures which are less restrictive of plaintiff's rights than opening and reading his correspondence with his attorney can reduce whatever speculative dangers there are to a minimum. The Court, in granting a preliminary injunction, will impose the following safeguards, to which plaintiff has agreed, on uncensored correspondence between plaintiff and his attorney:

1) Defendant and his agents are free to examine correspondence with a fluoroscope or a metal-detecting device, and the defendant and his agents may manually manipulate envelopes to determine if contraband is enclosed.

2) Plaintiff and his attorney of record are restrained from communicating in writing about subjects other than this litigation, and they are restrained from communicating in writing in any fashion but in letters in envelopes. Plaintiff and his attorney are not to send packages to each other.

Officer Sullivan testified that there was some danger that an attorney's letterhead and envelopes could be stolen and used by others to correspond with plaintiff. This remote possibility can be eliminated by ordering plaintiff's attorney to enclose his sealed letter to plaintiff in a larger envelope addressed to defendant, and accompanied by a covering letter of explanation to defendant signed by plaintiff's attorney.

It appears, therefore, that whatever speculative dangers there may be in uncensored correspondence between plaintiff and his attorney can be reduced to an acceptable minimum without the necessity of defendant or his agents opening and reading the correspondence between plaintiff and his attorney while this case is pending. When this is done, it is apparent that the right of plaintiff to confer privately with his counsel by mail outweighs the remote and speculative danger to prison security and administration posed by noncensored mail between plaintiff and his attorney in this action.

I conclude that plaintiff will suffer irreparable injury if an injunction does not issue in this action, because plaintiff and his attorney would be unduly hindered in the preparation of this action on the merits. The possible harm to defendant if an injunction does issue is remote, speculative, and minimal.

■ An additional factor to be considered in passing upon an application for a preliminary injunction is whether it is reasonably likely that plaintiff will prevail on the merits. In this case, however, the subject matter of the application for a preliminary injunction—censorship of plaintiff's correspondence with his attorney—is quite distinct from the subject matter of the complaint itself—the allegation that plaintiff has been subjected to cruel and abusive treatment. Accordingly, no evidence has yet been presented on the merits of the complaint; only the pleadings are before the Court. This case is exceptional because the preliminary injunction relates not to the merits of plaintiff's claim, but to whether or not plaintiff is to be allowed to confer privately with his attorney by mail in order to pursue pretrial procedures effectively and to prepare his claim for eventual trial. In such a situation it is not necessary that plaintiff carry the difficult burden of establishing that there is a reasonable probability that he will prevail on the merits. It is enough that it appear that the balance of hardships weighs decidedly in plain-

tiff's favor, and that plaintiff has raised substantive issues on the merits which are serious and important, and which are fair ground for litigation and further investigation. See Cuneo Press of New England, Inc. v. Watson, 1968, D. Mass., 293 F.Supp. 112, 116; Palmigiano v. Travisono, *supra*, 317 F.Supp. at 787. Plaintiff clearly has sustained that burden in this case.

In view of the fact that there is so little chance that the defendant will be damaged by the issuance of a preliminary injunction, and that plaintiff is an indigent proceeding *in forma pauperis* with counsel appointed by this Court pursuant to 28 U.S.C. § 1915(d), the Court concludes that the applicant plaintiff need furnish no bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure. See 3 Barron & Holtzoff, Federal Practice and Procedure, 1969 P.P., § 1435, and cases cited in Note 37a.

Plaintiff's application for a preliminary injunction is granted.

### ORDER GRANTING PRELIMINARY INJUNCTION

This action came to be heard on plaintiff's application for a preliminary injunction. Having considered the pleadings, evidence, affidavits, and memoranda submitted by the parties, the Court has filed its findings of fact and conclusions of law, and has determined 1) that plaintiff has suffered and will continue to suffer irreparable injury if an injunction does not issue; 2) that plaintiff in his complaint states a claim that should be effectively litigated; and 3) that the hardship to the defendant if an injunction issues in this case is remote and minimal.

It is therefore ordered:

1. That the defendant Superintendent, his deputies, subordinates, and other personnel subject to his supervision at the Massachusetts Correctional Institution at Walpole are hereby enjoined from intercepting, delaying, reading, or opening letters or other correspondence between the plaintiff, George L. Marsh, and his counsel of record in this action, David S. Mortensen, Esq.; and

2. That the plaintiff and his counsel of record in this action are hereby enjoined from communicating in any manner or fashion other than by letters or other correspondence contained in envelopes, and from communicating in writing about any subjects other than this action and its preparation. Oral communications between plaintiff and his counsel of record are expressly excluded from the foregoing order.

It is further ordered that plaintiff's attorney of record, David S. Mortensen, Esq., is enjoined from mailing letters or other correspondence to the plaintiff except in the following manner: a) the letter to plaintiff shall be sealed and shall contain the return address of plaintiff's attorney of record; b) the sealed letter to plaintiff shall be placed inside a larger envelope addressed to the defendant; c) a letter to the defendant shall be placed inside the larger envelope, and this letter shall briefly explain that the sealed envelope contains a letter to the plaintiff from his counsel of record which, by order of this Court, is to be directly presented to plaintiff in a sealed condition.

It is further ordered that this preliminary injunction be and remain in full force and effect until final determination of this cause or until further order of this Court.