**CODAPRO CORP., Plaintiff,**

v.

**Robert C. WILSON, Euro Scotia Funding Limited, Euro Scotia Funding (U.S.A.), Inc., Euro Scotia Group Limited, Euro Scotia Funding (Barbados) Limited, Euro American Insurance Co. Ltd., Debenture Guaranty Corporation, Veronica Canino Wilson, Samuel L. Boyd, Douglas McClain, Deborah McClain, Donald Edel, Edward Nicholas Canino, Gary Long, Robert Carter Dye, Peter Dale, Dieter Wicki, and James Garro, Defendants.**

No. CV 97–4362(ADS).

United States District Court, E.D. New York.

Feb. 14, 1998.

Robinson Silverman Pearce Aronsohn & Berman, L.L.P. by James M. Altman, New York City, for Plaintiff.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

There are three motions presently before the Court: (1) the motion of the defendant Samuel L. Boyd ("Boyd") to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure; (2) the motion of the plaintiff, Codapro Corporation ("Codapro" or the "plaintiff") to remand the case to New York State Supreme Court, pursuant to 28 U.S.C. § 1447(c); and (3) Boyd's conditional motion for additional discovery on the plaintiffs remand motion, in the event the Court is inclined to grant it. "Because the motion for remand [and Boyd's related request for discovery] go[ ] directly to the Court's power to adjudicate this dispute," [the Court] will address it first. *Nordlicht v. New York Telephone Co.,* 617 F.Supp. 220, 222 (S.D.N.Y. 1985), *aff'd on other grounds,* 799 F.2d 859 (2d Cir.1986). "Only if the court determines that removal was proper, and, conversely, that remand is not required, will it proceed to consider [Boyd's] motion to dismiss...." *Town of Moreau, et al. v. State Dept. of Environmental Conservation, et al.,* 96 Civ. 983, 1997 WL 243258, at *1 (N.D.N.Y. May 5, 1997) (citing *Vippolis v. Village of Haverstraw,* 87 Civ. 4855, 1989 WL 111063, at *2 [S.D.N.Y. Sept. 18, 1989]).

## I. BACKGROUND

On April 18, 1997, Codapro, a New York corporation in the computer software business, instituted this action against the eighteen defendants by filing a summons and complaint in the Supreme Court of the State of New York, Suffolk County. The complaint alleged that in 1993, the Euro Scotia Group Limited, an interconnected web of transnational corporations controlled and owned by the defendant Robert C. Wilson, promised to provide Codapro with $18 million in financing for Codapro's planned business expansion through a public offering of Euro-Bonds. Codapro contended that Robert Wilson controls and is the beneficial owner of the following, interrelated corporations, which participated in the deal with Codapro: Euro Scotia Funding Limited, Euro Scotia Group Limited, Euro Scotia Funding (U.S.A.), Inc., Euro Scotia Funding (Barbados) Ltd., Euro American Insurance Co. Ltd., and Debenture Guaranty Corporation. The complaint also alleged that the defendants Veronica Canino Wilson, Douglas McClain, Deborah McClain, Donald Edel, Edward Nicholas Canino, Gary Long, Robert Carter Dye, Peter Dale, Dieter Wicki, and James Garro were either directors, employees or representatives of the various Euro Scotia Group companies, who participated in the deal. Codapro claimed that the defendant Boyd, who is an attorney admitted to practice in the State of Texas and appears pro se in this matter, participated in the deal by transferring funds from his attorney trust account to Codapro on behalf of the Euro Scotia Group.

According to Codapro, it acted in reliance on this deal with the defendants by moving into new and larger office space, hired new employees, entered into expensive advertising contracts and trade shows, purchased new office furniture and equipment, expanded its research and development activities, and began developing a national dealer network. However, Codapro asserted, the defendants never caused a public offering of EuroBonds or provided the promised $18 million in financing, causing Codapro to sustain $8 million in damages. Codapro's com-

plaint raised causes of action sounding in common law fraud and promissory estoppel.

On July 29, 1997, the case was removed to this Court pursuant to a Notice of Removal filed by a single defendant, Boyd. While the Notice stated that it was filed "on behalf" of all the defendants who were served in the action, only Boyd signed it. Since then, none of the other defendants have filed anything with the Court indicating that they join in the removal, and none have entered a notice of appearance.

In papers filed on August 21, 1997, Boyd moved for dismissal based on lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Codapro did not serve opposition papers. Instead, Codapro filed a motion to remand the matter to State court on the ground that removal was improper because none of the defendants aside from Boyd expressly consented to removal. In further support of the remand application, Codapro supplied the Court with an affidavit from the defendant Donald Edel stating that he objects to the removal.

In his opposition to Codapro's motion for remand, Boyd annexes letters, ostensibly written to Boyd by defendants Robert C. Wilson, Edel, Long, Deborah McClain, Douglas McClain, Veronica Wilson, and Dye, which indicate their "Request and Consent to Removal to Federal Court." The letter "by" Robert Wilson purports to approve of removal on behalf of all five Euro Scotia companies and the Debenture Guaranty Corporation. Judging by the similarity of these letters, which contain identical contents, typeface and overall appearance, all were prepared by the same individual—perhaps by Boyd. Also, Boyd supplies a letter that he wrote to "Ken Nunley, Esq.," which states, "Thank you for your kind assistance in connection with our removal of the Suffolk County state court case to the United States District Court. I have confirmed with you that Ed Canino approves the removal . . ." However, "Ken Nunley" has not filed a notice of appearance on defendant Canino's behalf in this matter. There is no letter to Boyd from defendant Edward Canino. None of the defendants filed any papers in this Court indicating their consent to the removal. In fact, as noted above, none of the defendants have filed a notice of appearance with the Court.

After filing his opposition papers, Boyd moved for a stay of the Court's ruling on Codapro's motion to remand and for an order granting discovery limited to the circumstances surrounding Edel's affidavit which, Boyd contends, was "probably" the result of Codapro's "coercion."

## II. DISCUSSION

### A. Remand

Removing a case from state to federal court pursuant to 28 U.S.C. § 1446, defendants are required to file the notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). "Subsection 1447(c) authorizes a remand on the basis of any defect in removal procedure or because the district court lacks subject matter jurisdiction," *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir.1994) (internal quotations and citations omitted).

"There are several well-established principles governing the propriety of removal petitions under Section 1446, which the court must keep in mind here." *Town of Moreau, et al. v. State Dept. of Environmental Conservation, et al.*, 96 Civ. 983, 1997 WL 243258, at *1 (N.D.N.Y.1997) (internal quotations and citation omitted). First, "[r]emoval jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *In re NASDAQ Market Makers Antitrust Litigation*, 929 F.Supp. 174, 178 (S.D.N.Y.1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 872, 85 L.Ed. 1214) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined,"); *State of New York v. Lutheran Center for the Aging, Inc.*, 957

F.Supp. 393, (E.D.N.Y.1997) ("Removal statutes are to be strictly construed[.]"). Thus, "all doubts should be resolved in favor of remand." *Leslie v. BancTec Service Corp.*, 928 F.Supp. 341, 347 (S.D.N.Y.1996) (internal quotations and citations omitted); *see also Boyer v. Snap–On Tools Corp.*, 913 F.2d 108 (3d Cir.1990 ) (accord), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Town of Moreau*, 96 Civ. 983, 1997 WL 243258, at *1 (citing *Leslie v. BancTec Service Corp.*, 928 F.Supp. 341).

■ "[T]he burden is on the removing party to prove that it has met the requirements for removal." *Avon Products, Inc. v. The A/J Partnership*, 89 Civ. 3743/8032, 1990 WL 422416, at *1 (S.D.N.Y. March 1, 1990); *Lutheran Center for the Aging, Inc.*, 957 F.Supp. 393; *NASDAQ Market Makers*, 929 F.Supp. at 178; *Fisher v. Building Services 32–B–J Health Fund*, 96 Civ. 4317, 1997 WL 590843, *2 (S.D.N.Y. Sept.22, 1997). Not only must the removing party demonstrate a jurisdictional basis for removal, but it must also demonstrate the necessary compliance with the statutory removal requirements. *See Spillers v. C.R. Tillman*, 959 F.Supp. 364, (S.D.Miss.1997), *Albonetti v. GAF Corporation–Chemical Group*, 520 F.Supp. 825, 827 (S.D.Tex.1981). "There is nothing in the removal statute that suggests that a district court has 'discretion' to overlook or excuse prescribed procedures." *Spillers*, 959 F.Supp. 364, 368.

■ Although there is no express statutory requirement for joinder or consent by codefendants, there is widespread agreement among the district courts, including those in the Second Circuit, that "all named [defendants] over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper." *Town of Moreau*, 96 Civ. 983, 1997 WL 243258, at *2 (quoting *Still v. Debuono*, 927 F.Supp. 125, 129 [S.D.N.Y.1996], *aff'd on other grounds*, 101 F.3d 888 [2d Cir.1996]); *see also Norman v. Cuomo*, 796 F.Supp. 654, 657 (N.D.N.Y.1992). This is commonly referred to as the "rule of unanimity." *See, e.g., Weimer v. City of Johnstown, N.Y.*, 931 F.Supp. 985, 990 (N.D.N.Y.1996); *Garside by Garside v. Osco Drug, Inc.*, 702 F.Supp. 19, 21 (D.Mass.1988)

("The rule of unanimity gives each defendant an absolute veto over removal."); *Spillers*, 959 F.Supp. 364, 368 ("There is no express statutory requirement for joinder or consent by co-defendants; however, the case law firmly establishes this requirement, which is known as the rule of unanimity."). While there are few Circuit Court cases addressing the matter, this is unsurprising, given that 28 U.S.C. § 1447 provides that "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...."

The rule of unanimity "advances the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand." *Ogletree*, 851 F.Supp. at 187 (internal quotations and citations omitted). Thus, "it is ... well settled in this jurisdiction that all defendants must join a removal petition or else the petition is defective and the case must be remanded." *Forum Insurance Company v. Texarkoma Crude and Gas Co.*, 92 Civ. 8602, 1993 WL 228023, at *2 (S.D.N.Y. June 22, 1993); *Green v. National Association of Professionals and Executives*, 92 Civ. 0424, 1992 WL 212348, at *2 (S.D.N.Y. Aug.21, 1992) ("As a general rule, the consent of all defendants in a multiparty case is a 'precondition' to removal.").

"While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion." *Michaels v. State of New Jersey*, 955 F.Supp. 315 (D.N.J.1996) (citations omitted). Specifically, "[e]ach [defendant] must independently and unambiguously file notice of [ ] consent and [ ] intent to join in the removal...." *Henderson v. Holmes*, 920 F.Supp. 1184, 1187 (D.Kan. 1996). Accordingly, "there must be some timely filed written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1262 n. 11 (5th Cir.1988). This "serves the policy of insuring the unanimity necessary for removal."

*Henderson*, 920 F.Supp. at 1187 n. 2 (citation omitted). In addition, mandating written consent to remove "is consistent with the notion that filing requirements are strictly construed and enforced in favor of remand." *Id.* (citations omitted). Furthermore, written consent to remove from each defendant prevents one defendant from choosing a forum for all. *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F.Supp. 1074, 1076 (E.D.Wis.1993) (citation omitted).

Applying these standards, the Court finds that Boyd failed to satisfy his burden of showing that all the served defendants consented to removal. While Boyd's Notice of Removal purports to act on behalf of all the served defendants, none of the other defendants signed the notice. Since then, none of the other defendants have filed anything in this Court, much less the separate "pleading" manifesting their consent to remove that is required to satisfy the "rule of unanimity." Indeed, one of the defendant's, Edel, has filed an affidavit stating that he *objects* to removal.

■ The Court is not convinced that the letters from the various individual defendants annexed as supporting exhibits to Boyd's affidavit constitute a valid written consent to removal. *See Nathe v. Pottenberg*, 931 F.Supp. 822, 824 (M.D.Fla.1995) ("But while it may be true that consent to removal is all that is required under section 1441, a defendant must do so itself."); *See also Martin Oil Company v. Philadelphia Life Insurance Company*, 827 F.Supp. 1236, 1239 (N.D.W.Va.1993) ("[I]t is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf"). Even if the Court were to find that the defendants' letters to Boyd amount to a separate pleading, they were not communicated directly to the Court. *See Landman v. Borough of Bristol*, 896 F.Supp. 406, 409 (E.D.Pa.1995) ("Unfortunately for both, one defendant's attempt to speak on behalf of another will not suffice."); *Production Stamping*, 829 F.Supp. at 1076 (internal quotations and citation omitted) ("Each defendant must communicate his con-

sent to the court by way of an official filing or voicing of consent."). "At most, the [defendants'] purported consent was communicated only to [Boyd] and that is not enough." *Town of Moreau*, 96 Civ. 983, 1997 WL 243258, at *5 (citing *Urban v. Chrysler Motors Corporation*, No. 92 Civ. 1678, 1992 WL 132853 [N.D.Ill. May 29, 1992]).

■ Even if the Court were to accept Boyd's theory—which has no legal support—that letters sent to him from some of the defendants amount to a valid consent to remand, his argument nevertheless fails. First, the Court observes that there is no letter to Boyd from defendant Canino; there is only a letter *from* Boyd *to* a individual by the name of "Nunley"—a person who, as far as this Court is aware, has no relationship whatsoever to these proceedings—indicating that "Nunley" was consenting on behalf of Canino. In the Court's view, a letter written *by Boyd* to an unknown third person cannot qualify as a unambiguous written manifestation of Canino's consent. Second, there is no valid expression of consent by any of the six corporate defendants in the letters sent to Boyd. This Court cannot accept Robert Wilson's letter to Boyd as an indication of consent on behalf of the five Euro Scotia companies and the Debenture Guaranty Corporation. While Robert Wilson may represent himself as a *pro se* litigant, he cannot represent these six corporations in legal proceedings. *See Pridgen v. Andresen*, 113 F.3d 391 (2d Cir.1997). A corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se. See Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir.1967) (*per curiam*) (reversing order that allowed action to proceed against a defendant corporation *pro se*). Accordingly, only retained counsel could have acted on behalf of these corporations. For these reasons, the Court finds that there is no indicia of consent by Canino and the six corporate defendants.

■ The Court also rejects Boyd's assertion that he was authorized to act on behalf of all the other defendants when he filed the Notice of Removal because he is an attorney. Boyd is appearing in this matter as a pro se

defendant, not as a lawyer. He has not filed a notice of appearance on behalf of any of the defendants. None of the defendants have indicated to the Court that they have retained Boyd to act as their counsel. His contention, therefore, is without merit.

Since the Court finds ample grounds to remand this matter independent of the Edel affidavit, there exists no reason to grant Boyd's motion for discovery on the issue whether Codapro coerced Edel into signing it. The Court has reviewed Boyd's remaining contentions and finds that they are without merit.

Finally, the Court declines the plaintiff's request for the imposition of sanctions.

Accordingly, Codapro's motion to remand is granted, and Boyd's motion for limited discovery is denied. The Clerk of the Court is directed to transfer the entire case to the New York State Supreme Court, Suffolk County. In view of the foregoing, Boyd's motion to dismiss the complaint shall not be decided by this Court.

### III. CONCLUSION

For the reasons set forth above, it is hereby

ORDERED, that Codapro's motion to remand the case to the Supreme Court, Suffolk County, is granted, and Boyd's motion for limited discovery is denied. The Clerk of the Court is directed to transfer the entire case to the New York State Supreme Court, Suffolk County, and to close this Case.

SO ORDERED.