**BILL WOLF PETROLEUM CORP.,**
on behalf of itself and all those
similarly situated, Plaintiff,

v.

The VILLAGE OF PORT WASHING-
TON NORTH, The Board of Trustees
of the Village of Port Washington
North in their Official Capacity and
Individuals Robert Weitzer, Michael
Schenkler, Steve Cohen, Daria Hoff-
man, and Michael Malatino, and the
Village of Port Washington North
Building Inspectors, Barbara Dzior-
ney and Fred Lauria, Defendants.

No. 07–CV–0517 (ADS)(ARL).

United States District Court,
E.D. New York.

May 29, 2007.

Siegel Fenchel & Peddy, P.C., Oyster Bay, NY (Saul R. Fenchel, of Counsel), for the Plaintiff.

Miranda Sokoloff Sambursky Slone Verveniotis, LLP, Mineola, NY (Michael Anthony Miranda, of Counsel), for the Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On January 16, 2007, on behalf of itself and all those similarly situated, Bill Wolf Petroleum Corp. (the "Plaintiff" or "Bill Wolf"), filed a complaint in New York Supreme Court Nassau County against The Village of Port Washington North, The Board of Trustees of the Village of Port Washington North in Their Official Capacity and Individuals, Robert Weitzner, Michael Schenkler, Steve Cohen, Daria Hoffman, Michael Malatino, The Village of Port

Washington North Building Inspectors, Barbara Dziorney, and Fred Lauria (collectively the "Defendants"). On February 6, 2007, the Defendants removed the action to this Court on the ground that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Presently before the Court is the Plaintiff's motion to remand this action to state court pursuant to 28 U.S.C. § 1447.

## I. BACKGROUND

The Plaintiff's complaint filed in state court, stated that, pursuant to 42 U.S.C. § 1983, the Defendants violated its constitutional rights. The Plaintiff corporation owns a gas station located in Port Washington, New York. According to the complaint, over the years, the brand name of the gas station has changed from "Amoco" to "BP" to "Shell". The Plaintiff alleges that, in February 2006, it applied to the Village of Port Washington North Building Inspector to replace the existing sign at the gas station with a new vertical sign depicting the "Shell" brand. On March 27, 2006, the Village of Port Washington North Board of Trustees (the "Village") denied the Plaintiff's application. The Village advised the Plaintiff that it could install a low, monument style sign, but not a vertical sign.

The Plaintiff contends that the Village previously permitted a shopping center located across the street from the Plaintiff's gas station to install a vertical sign substantially the same as the sign proposed by the Plaintiff. The Plaintiff claims that the Village has treated it differently than the shopping center. The Plaintiff contends that it was forced to continue to use its preexisting sign and change the name from "BP" to "Shell".

On December 20, 2006, the Board of Trustees notified the Plaintiff that the Plaintiff's sign was in violation of the Vil-

lage's sign ordinance. The Village ordered the Plaintiff to remove the sign by December 27, 2006. On December 29, 2006, the Plaintiff received a summons to appear at the Village Justice Court on January 16, 2007, for violating the sign ordinance.

The Plaintiff claims that the Village Code, on its face and as applied, violates the First and Fifth Amendments of the United States Constitution. The Plaintiff further contends that it has been denied equal protection of the law because the Village treated it differently than the shopping center, in violation of the Fourteenth Amendment. The Plaintiff seeks a stay of the Village Court proceedings; a declaratory judgment that the sign ordinance is unconstitutional; an injunction enjoining the Village from enforcing the sign ordinance; and monetary damages.

On February 6, 2007, the Defendants removed the action to this Court. The notice of removal states:

> Defendants, THE VILLAGE OF PORT WASHINGTON NORTH, THE BOARD OF TRUSTEES OF THE VILLAGE OF PORT WASHINGTON NORTH IN THEIR OFFICIAL CAPACITY AND INDIVIDUALS ROBERT WEITZER, MICHAEL SCHENKLER, STEVE COHEN, DARIA HOFFMAN, AND MICHAEL MALATINO, AND THE VILLAGE OF PORT WASHINGTON NORTH BUILDING INSPECTORS, BARBARA DZIORNEY AND FRED LAURIA ("Defendants"), hereby file this Notice of Removal of the above-described action to the United States District Court for the Eastern District of New York.

The Defendants' counsel signed the notice of removal and above the signature line states

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP
Attorneys for the Defendants
THE VILLAGE OF PORT WASHINGTON NORTH, THE BOARD OF TRUSTEES OF THE VILLAGE OF PORT WASHINGTON NORTH IN THEIR OFFICIAL CAPACITY AND INDIVIDUALS ROBERT WEITZER, MICHAEL SCHENKLER, STEVE COHEN, DARIA HOFFMAN, AND MICHAEL MALATINO, AND THE VILLAGE OF PORT WASHINGTON NORTH BUILDING INSPECTORS, BARBARA DZIORNEY AND FRED LAURIA

On February 14, 2007, the Defendants' counsel filed an answer on behalf of all of the Defendants.

Thereafter, on February 27, 2007, the Plaintiff moved to remand the action to state court. The Plaintiff contends that all of the Defendants did not consent to removal of this action and, as a result, the action must be remanded to state court. The Plaintiff also claims that, pursuant to the Pullman abstention doctrine, this Court should abstain from exercising jurisdiction because this case involves a state constitutional issue.

In opposition to the motion to remand, the Defendants contend that all of the Defendants consented to removal because all of the Defendants are represented by the same law firm and the removal papers specifically provided that the removal was on behalf of all Defendants. The Defendants further contend that the Court should not abstain from exercising jurisdiction because the Plaintiff's claims do not relate to interpretation of the Village's laws, but rather, the Plaintiff claims that the Defendants violated its constitutional rights by failing to apply the laws in an even-handed manner. The Defendants also allege that the Plaintiff fails to argue that the Village's laws are ambiguous or unclear, as required by the Pullman abstention doctrine.

## II. DISCUSSION.

### A. As To Removal

Section 1441(a) of title 28 of the United States Code states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441; *see also Lincoln Property Co. v. Roche,* 546 U.S. 81, 126 S.Ct. 606, 610, 163 L.Ed.2d 415 (2005) (explaining that section 1441 "authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court").

"Generally, the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *NYU Hosp. Ctr.-Tisch v. Local 348 Health & Welfare Fund,* No. 04–6937, 2005 WL 53261, *1, 2005 U.S. Dist. LEXIS 256, at *2–3 (S.D.N.Y. Jan. 6, 2005) (citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)) (internal quotations omitted). As such, "a defense that [a] plaintiff's claims are preempted by federal law [usually will not suffice for the purpose of conferring] federal question jurisdiction, which must be determined by reference to the allegations that appear on the face of a well-pleaded complaint." *Marcella v. Capital Dist. Physicians' Health Plan,* 293 F.3d 42, 45 (2d Cir.2002)

(quoting *Plumbing Indus. Bd. v. E.W. Howell Co.*, 126 F.3d 61, 66 (2d Cir.1997)) (internal citations omitted).

■■■ However, those prohibitions do not prevent a federal court from looking beyond a plaintiff's complaint to determine whether there is federal question jurisdiction in certain limited circumstances. *Greenfield v. National Westminster Bank USA*, 846 F.Supp. 302, 305 (S.D.N.Y.1994) (citations omitted); *see also Bowlus v. Alexander & Alexander Servs., Inc.*, 659 F.Supp. 914, 918 (S.D.N.Y.1987) ("In [limited] circumstances, a federal court may look behind the complaint to preclude a plaintiff from defeating federal question jurisdiction through artful pleading, that is, by disguising a federal claim as a claim arising under state law"). Under the artful pleading doctrine, a federal court considering a removal petition can look beyond a plaintiff's complaint when (1) "preemption has eliminated the legal foundation of [a] plaintiff's state law cause [ ] of action" or (2) the "plaintiff chooses a state forum in order to evade the consequences of prior federal litigation." *Greenfield*, 846 F.Supp. at 305 (citations omitted); *see also Contreras v. Host Am. Corp.*, 453 F.Supp.2d 416, 418 (D.Conn. 2006) ("The cases in which federal courts have permitted removal on the basis of the artful pleading doctrine fall into two general categories: (1) cases in which federal preemption has eliminated the legal foundation of plaintiff's state law claims (complete preemption), and (2) cases in which plaintiff's choice of a state forum is motivated by the desire to evade the consequences of [federal] litigation").

**B. As To Consent Of All Defendants**

■■■ "Under 28 U.S.C. § 1447 Plaintiff has a right to bring a motion for remand on the basis of any defect in the notice of removal." *Dunlop v. City of New York*,

2006 WL 2853972, *2, 2006 U.S. Dist. LEXIS 72315, at *5–6 (S.D.N.Y.2006). "There is general agreement among the courts that '[a]ll the defendants must join in seeking removal' from state court." *Id.* (citing *Bradford v. Harding*, 284 F.2d 307, 309 (2d Cir.1960)). "This requirement is known as the rule of unanimity." *Id.* (citing *Smith v. Kinkead*, No. 03 Civ. 10283, 2004 WL 728542, **2–3, 2004 U.S. Dist. LEXIS 5647, at *6 (S.D.N.Y. Apr. 5, 2004)); *Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F.Supp.2d 367, 383 (S.D.N.Y.2006) ("Although there is no statutory requirement that all defendants either must join the petition for removal or consent to removal, courts have consistently interpreted 28 U.S.C. § 1446 as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity' ").

■■■ In fact "it is ... well settled in this jurisdiction that all defendants must join a removal petition or else the petition is defective and the case must be remanded." *Forum Insurance Company v. Texarkoma Crude and Gas Co.*, No. 92 Civ. 8602, 1993 WL 228023, 1993 U.S. Dist. LEXIS 8463 (S.D.N.Y. June 22, 1993); *Green v. National Association of Professionals and Executives*, 1992 WL 212348 (S.D.N.Y. 1992) ("As a general rule, the consent of all defendants in a multiparty case is a 'precondition' to removal"). However, "there is no requirement that each defendant must personally consent," and attorneys can consent on behalf of their clients. *Dunlop*, 2006 WL 2853972, *2, 2006 U.S. Dist. LEXIS 72315 at *5–6

In *Beatie*, the removal notice stated "[d]efendants give notice under 28 U.S.C. § 1446 and Local Rule 81.1 that the above captioned action ... is removed to the United States District Court for the Southern District of New York." *Beatie*, 431

F.Supp.2d at 383. The Court noted that the notice of removal identified the defendants and that, at the signature line, the signing attorney identified himself and his law firm as "Attorneys for Defendants." *Id.* The Court determined that "all defendants unambiguously joined in the Notice of Removal," and therefore, denied the motion to remand. *Id.*

In addition, in *Rweyemamu v. Conn. Dep't of Corr.*, the Court found that the "notice of removal name[d] each of the defendants in this case, and further state[d] that the 'undersigned defendants respectfully request' that the . . . action . . . be removed . . . to the United States District Court for the District of Connecticut for all future proceedings." No. 07 CV 0553, 2007 WL 1424302, \*\*1–2, 2007 U.S. Dist. LEXIS 34795, at \*3–4 (D.Conn. May 10, 2007). The Court further noted that, although the "signature line of the notice d[id] not individually list the defendants," an attorney representing "all of the defendants in this matter, filed the notice." *Id.* The Court determined that "[u]nder these circumstances, the court is convinced that all of the defendants joined the notice of removal in satisfaction of the 'rule of unanimity.'" *Id.*

Although the Plaintiff cites to this Court's decision in *Codapro Corp. v. Wilson*, 997 F.Supp. 322, 326 (E.D.N.Y.1998), as purported support for its claim that the case should be remanded because the Defendants did not consent to removal, the Plaintiff's reliance on *Codapro* is misplaced. In *Codapro*, the plaintiff filed an action in state court against multiple defendants and a notice of removal was filed by one individual defendant acting pro se. *Codapro*, 997 F.Supp. at 326. Although the notice of removal stated that it was filed on behalf of all defendants, it was only signed by the individual pro se defendant and the remaining defendants had not

appeared in the action or filed any documents with the Court. *Id.* As a result, the Court granted the plaintiff's motion to remand the action to state court finding that all of the defendants had not consented to removal. *Id.*

■ To the contrary, in the present case, all of the Defendants are represented by the same attorney. The Defendants' counsel filed a notice of removal, specifically noting that the notice was filed on behalf of all the Defendants, listing each by name. In addition, counsel signed the notice of removal and above the signature line noted that he was counsel to all of the Defendants, again, specifically listing each Defendant by name. As such, it is clear that the notice of removal was properly filed and that all of the Defendants consented to removal, through their counsel.

Accordingly, the Plaintiff's motion to remand on this ground is denied.

## C. As To The Pullman Abstention Doctrine

■ The Plaintiff also moves to remand this case to state court pursuant to the Pullman abstention doctrine. "The Pullman doctrine requires that 'federal courts should abstain from decision when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided.'" *Williams v. Lambert*, 46 F.3d 1275, 1281 (2d Cir.1995) (citing *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 236, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984)). According to the Second Circuit, "[t]hree basic conditions must be present to trigger Pullman abstention: 'First, the state statute must be unclear or the issue of state law uncertain; second, resolution of the federal issue must depend upon the interpretation given to the ambiguous state provision; and third, the state law must be susceptible of an interpretation that would

avoid or modify the federal constitutional issue.'" *Id.* (citing *United Fence & Guard Rail Corp. v. Cuomo,* 878 F.2d 588, 594 (2d Cir.1989)).

■ In the present case, the Plaintiff, in less than two pages, briefly suggests that this Court should remand the case based on the Pullman abstention doctrine. Although the Plaintiff cites the three prong test for abstention noted above, as well as various cases that utilize the test, the Plaintiff fails to apply any prong of that test to the facts of the present case. In fact, the Plaintiff merely notes that state courts are capable of addressing constitutional issues and states "[a] state constitutional issue is raised in this action. The state issue will be addressed before the federal issue and, if resolved in favor of the Plaintiff, will obviate the necessity of reaching the federal constitutional issue."

The Plaintiff fails to even suggest that the Village sign ordinance is unclear. Further, the Plaintiff fails to explain how resolution of the federal issues depend on the interpretation of state law. In fact, in the complaint, the Plaintiff claims that the Defendants applied the law selectively by permitting other businesses to maintain vertical signs, in violation of the Fourteenth Amendment's equal protection clause. There is no evidence that resolution of this federal issue depends on interpretation of the Village's law. Finally, the Plaintiff also fails to make any argument that the sign ordinance is susceptible to an interpretation that would avoid or modify the federal constitutional issues. In fact, the Plaintiff fails to make any argument in support of application of the Pullman abstention doctrine.

Accordingly, the Plaintiff's motion to remand is denied.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the Plaintiff's motion to remand the case to state court is **DENIED;** and it is further

**ORDERED,** that the parties are directed to notify United States Magistrate Judge Arlene R. Lindsay of this Decision, pursuant to Judge Lindsay's March 9, 2007 Order.

**SO ORDERED.**