Scott H. **GREENFIELD**, Esq., Plaintiff,

v.

**NATIONAL WESTMINSTER BANK USA**, Defendant.

**No. 93 Civ. 1374 (SWK).**

United States District Court, S.D. New York.

March 21, 1994.

Andrew Lavoott Bluestone, New York City, for plaintiff.

Constantine A. Despotakis, New York City, for defendant.

## *MEMORANDUM OPINION AND ORDER*

KRAM, District Judge.

In this action seeking monetary damages for a bank's refusal to honor a cashier's check, plaintiff Scott H. Greenfield, Esq. ("Greenfield") moves to remand to the Supreme Court of the State of New York, County of New York (the "State Court") and for sanctions. In response, defendant National Westminster Bank USA ("NatWest" or the "Bank") contends that removal was proper, pursuant to 28 U.S.C. § 1441.[1] For the reasons set forth below, plaintiff's motion to

remand is granted, and this case is remanded to the State Court for further proceedings. Greenfield's motion for sanctions is denied.[2]

## BACKGROUND [3]

On April 21, 1991, Carmen Martinez ("Martinez") asked Greenfield to represent her former husband, Angel Martinez, in a criminal prosecution in State Court. Greenfield advised Martinez that, in order to retain his law firm, she would have to tender to him a cashier's check for legal services.

Accordingly, the next day, on April 22, 1991, NatWest issued and delivered a cashier's check to Martinez in the amount of $84,229.42 (the "Check"). Martinez endorsed the Check and transferred it to plaintiff's law firm, Meyer & Greenfield. The same day, Greenfield deposited the Check in the Meyer & Greenfield account at Citibank, N.A. ("Citibank").

On April 23, 1991, Citibank presented the check to NatWest through the New York Clearing House exchange. On April 24, 1991, however, NatWest received a warrant of seizure issued by a United States Magistrate Judge of this Court, ordering NatWest to seize the Check and hold it as substitute custodian for the Drug Enforcement Administration ("DEA") until a final decree of forfeiture was served on it. As a result, NatWest dishonored the Check and returned a photocopy of it to Citibank that day. Thereafter, on April 26, 1991, Greenfield received a notice from Citibank that NatWest had stopped payment on the Check. Greenfield also received a photocopy of the front and back of the Check and an "Indemnification Notice," which stated that "[t]his is a photographic facsimile of the original check which was restrictively endorsed by the undersigned and reported lost, stolen, or destroyed

---

1. NatWest also requests that the Court dismiss the complaint and award it sanctions *sua sponte*. See Affidavit in Opposition of Constantine A. Despotakis, sworn to on May 18, 1993 (the "Despotakis Aff."), ¶ 2.

2. NatWest also moves for an order permitting it to file an answer in this action, despite the fact that its time to do so has expired. As this case shall be remanded to the State Court, the Court declines to rule on defendant's motion.

3. The following undisputed facts are taken from the plaintiff's Motion for Summary Judgment in Lieu of Complaint, filed in State Court on February 24, 1993; NatWest's Notice of Removal, dated March 8, 1993; the Affidavit of Scott H. Greenfield, sworn to on May 1, 1993 (the "Greenfield Aff."); the Despotakis Aff.; and the Affidavit of Richard F. Damiano, sworn to on May 10, 1993 ("Damiano Aff.").

while in the regular course of bank collection." *See* Indemnification Notice, annexed to the Despotakis Aff. as Exh. "C."

The DEA subsequently commenced administrative forfeiture proceedings, which resulted in an administrative declaration of forfeiture against the Check on April 2, 1992, pursuant to 19 U.S.C. § 1609. Before the declaration was issued, however, on February 28, 1992, Meyer & Greenfield petitioned for remission or mitigation of the forfeiture "as assignees for value of Carmen Martinez in consideration of legal services rendered and to be rendered on behalf of Angel Martinez." *See* Petition for Remission or Mitigation of the Forfeiture (the "Petition"), annexed to the Declaration of William J. Snider, dated March 29, 1993 ("Snider Dec."), as Exh. "68." On November 19, 1992, the Petition was denied. *See* letter from Mark H. Kaczynski to Martinez of 11/19/92, annexed to the Snider Dec. as Exh. "71."

Thereafter, plaintiff commenced a petition under Article 78 of the Civil Practice Law and Rules ("CPLR"), seeking to stay Angel Martinez's criminal action on the theories that (1) Greenfield was entitled to payment of the Check as his legal fees; and (2) the state prosecutor improperly seized the Check under federal forfeiture laws, rather than utilizing state forfeiture laws. *People v. Martinez*, 151 Misc.2d 641, 574 N.Y.S.2d 467 (1991). The State Court denied plaintiff's motion, finding that the prosecutor could elect to proceed under either state or federal forfeiture laws. The court found further that New York State has no effective jurisdiction over the bank account from which the Check was drafted, as the bank account was in Martinez's name, and Angel Martinez did not claim ownership of it.

As a result, on March 1, 1993, Greenfield commenced this action in State Court by Notice of Motion for Summary Judgment in Lieu of Complaint, pursuant to CPLR § 3213, seeking monetary damages against the Bank. Greenfield claims that Meyer & Greenfield became the holder in due course of the Check on April 22, 1991, when it endorsed and deposited the Check in its account. As a holder in due course, Meyer & Greenfield "took the cashier's check free from 'all claims to it on the part of any person' and 'all defenses of any party to the instrument with whom the holder has not dealt.'" *See* Affirmation of Andrew Lavoot Bluestone, sworn to on February 24, 1993, at ¶ 4 (quoting N.Y.U.C.C.Law § 3–305). Greenfield alleges further that NatWest violated state law by dishonoring the Check, which "is a primary obligation of the [Bank]." *Id.*, ¶ 3. Finally, Greenfield alleges that the Bank's dishonor of the Check was untimely. *Id.*, ¶ 7, n. 1.

On March 8, 1993, NatWest petitioned for removal, claiming that this Court has original and preemptive jurisdiction over the Check, to the exclusion of state law. Greenfield now moves to remand, claiming that this case does not involve a federal question, as it consists of nothing more than a claim for monetary damages arising out of a breach of New York State's Uniform Commercial Code ("UCC"). Plaintiff also moves for sanctions. The Court will consider each of Greenfield's motions in turn.

## DISCUSSION

### I. Motion to Remand

Plaintiff contends that removal was inappropriate, as the dispute arises solely from a violation of New York State law, and therefore does not involve a federal question. The Court agrees.

A removing party bears the burden of establishing that the case falls within the Court's removal jurisdiction. *See Crazy Eddie, Inc. v. Cotter*, 666 F.Supp. 503, 508 (S.D.N.Y.1987). "It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Division*, 809 F.2d 1006, 1010 (3d Cir.1987), *cert. dismissed*, 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988).

Pursuant to 28 U.S.C. § 1331, the district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Where removal is based on section 1331, however, the federal claim must appear on

the face of the complaint. *Gully v. First Nat'l Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936); *Travelers Indem. Co. v. Sarkisian,* 794 F.2d 754, 758 (2d Cir.) ("It has been the law for decades that 'the party who brings a suit is master to decide what law he will rely upon.'") (quoting *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913)), *cert. denied* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986); *Bowlus v. Alexander & Alexander Servs., Inc.,* 659 F.Supp. 914, 918 (S.D.N.Y.1987). Thus, removal cannot be based on a federal question asserted for the first time in the defendant's answer or petition for removal. *See Gully v. First Nat'l Bank,* 299 U.S. at 113, 57 S.Ct. at 98; *Calhoon v. Bonnabel,* 560 F.Supp. 101, 104 (S.D.N.Y.1982). Furthermore, where a claim arises under both federal and state laws, the plaintiff may ignore his federal claims and instead choose to pursue in state court those claims based solely on state law. *Bowlus v. Alexander & Alexander Servs., Inc.,* 659 F.Supp. at 918; *see also Derrico v. Sheehan Emergency Hosp.,* 844 F.2d 22, 27 (2d Cir. 1988) ("[I]t is well settled that a plaintiff as 'master of the complaint' may preclude removal by electing to disregard an available federal dimension of a claim and asserting only a distinct state law cause of action.").

■ Plaintiff contends that his suit is based solely on state law. The Court agrees that the face of the complaint does not disclose a federal question. The "master of the complaint" rule does not limit the court to the face of the complaint, however, or to plaintiff's characterization of his claims. *Calhoon v. Bonnabel,* 560 F.Supp. at 104. "In certain limited circumstances, a federal court may look behind the complaint to preclude a plaintiff from defeating federal question jurisdiction through 'artful pleading,' that is, by disguising a federal claim as a claim arising under state law." *Bowlus v. Alexander & Alexander Servs., Inc.,* 659 F.Supp. at 918.

■ Cases in which federal courts have permitted removal based on "artful pleading" fall into two categories: (1) where preemption has eliminated the legal foundation of plaintiff's state law causes of action; and (2) where plaintiff chooses a state forum in order to evade the consequences of prior federal litigation. *Id.* at 918–919. With respect to the first category, federal jurisdiction is appropriate where Congress has so completely preempted an area of state law that any complaint raising such claims necessarily is federal in character. *See Isaacs v. Group Health, Inc.,* 668 F.Supp. 306, 310 (S.D.N.Y. 1987); *Crazy Eddie, Inc. v. Cotter,* 666 F.Supp. at 509. However, "[w]hen federal law circumscribes the operation of state authority, preemption is ordinarily a defense to a state cause of action and consequently it usually affords no basis for removal." *Crazy Eddie, Inc. v. Cotter,* 666 F.Supp. at 509.

The Court finds that, while federal law provides a defense to plaintiff's action, the federal forfeiture laws do not completely preclude state courts from adjudicating claims arising under state uniform commercial law. Accordingly, removal is not permitted under the first category of the artful pleading exception.

■ With respect to the second category, courts have permitted removal where plaintiff seeks a second chance at the same litigation in another forum. *See Bowlus v. Alexander & Alexander Servs., Inc.,* 659 F.Supp. at 918–919. In *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), for example, the Supreme Court noted that "courts 'will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum.'" *Id.* at 397, n. 2, 101 S.Ct. at 2427, n. 2 (quoting 14 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3722, at 564–566 (1976)). The Second Circuit has identified two factors necessary to a determination that plaintiff's claims are removable under this exception. *Travelers Indem. Co. v. Sarkisian,* 794 F.2d at 760. First, the elements of the claim must be virtually identical to a claim expressly grounded in federal law. *Id.* Second, the removing party must establish that plaintiff previously elected to proceed in federal court on the claim. *Id.*

■ Applying these criteria, the Court finds that removal was improper in this instance. While the complaint was filed after

Greenfield first attempted to assert his rights to the Check by petitioning for remission or mitigation of the administrative forfeiture, the elements of his state law claims are not identical to the claims asserted in the Petition. In fact, rather than seeking the return of the Check itself, Greenfield now seeks monetary damages, claiming that NatWest acted unlawfully under New York's commercial law. If NatWest believes that its conduct was justified by the federal forfeiture laws, it is free to assert this contention as a defense in the state court action. Although the two claims arise under the same set of facts, however, they do not contain identical elements. Accordingly, the Court finds that the action must be remanded to the State Court.[4]

## II. Motion for Sanctions

Plaintiff also moves for sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure. Rule 11 provides that the signature of an attorney serves as certification that, to the best of the attorney's knowledge, the argument set forth in the pleading "is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Fed.R.Civ.P. 11. The purpose of Rule 11 is to streamline litigation in the federal courts by thwarting the use of frivolous and abusive trial tactics. *See McMahon v. Shearson/Am. Express, Inc.*, 896 F.2d 17, 21 (2d Cir.1990). The Second Circuit recognizes that Rule 11 is "targeted at situations 'where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands.'" *Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997, 1005 (2d Cir.) (quoting *Eastway Constr. Corp. v. New York*, 762 F.2d 243, 254 (2d Cir.1985)), *cert. denied*, 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 109 (1988). Title 28, U.S.C. § 1446(a) requires that a notice of removal be signed in accordance with Fed.R.Civ.P. 11.

 The Court finds that removal of this case to federal court was not sanctionable. As set forth, *supra*, NatWest removed this action based on its belief that the Court had original jurisdiction over the Check. While this basis for removal was improper, the removal was neither frivolous nor abusive of the trial system. Accordingly, Greenfield's motion for sanctions is denied.

## CONCLUSION

For the reasons set forth above, Greenfield's motion to remand is granted, and this action is remanded to State Court for further proceedings. Greenfield's motion for sanctions is denied.

SO ORDERED.

---

4. As this action is remanded, the Court lacks jurisdiction to consider the Bank's request for