■ Thomas Belluardo, Respondent, v Nationwide Insurance Company, Appellant. [647 NYS2d 977] —In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Brucia, J.), dated August 11, 1995, which, after a hearing, dismissed the defendant's affirmative defense of lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The Supreme Court properly found that the plaintiff's process server acted reasonably and with due diligence under the circumstances here, and that the manner of service, objectively

viewed, was calculated to give and did give the corporate defendant fair notice of the commencement of this action (*see, Fashion Page v Zurich Ins. Co.,* 50 NY2d 265, 271-273). "Reliance may be based on the corporate employees to identify the proper person to accept service" (*Fashion Page v Zurich Ins. Co., supra,* at 272). If, as the defendant contends, the summons has been served on the wrong person, the fault lies with the corporation and not with the process server, who made the appropriate inquiries and did all that she should be expected to do to see that the corporation was properly served (*see, Fashion Page v Zurich Ins. Co., supra,* at 271-273; *Martin v Archway Inn,* 164 AD2d 843, 845; *Peck v Maria Regina Church,* 160 AD2d 854, 855; *Central Savannah Riv. Area Resource Dev. Agency v White Eagle Intl.,* 110 AD2d 742).

The defendant's remaining contentions are without merit. Copertino, J. P., Goldstein, McGinity and Luciano, JJ., concur.