■ FLORENCE VAN WERT, Respondent, v BLACK & DECKER, INC., Appellant. [667 NYS2d 770] —Carpinello, J. Appeal from an order of the Supreme Court (Bradley, J.), entered November 25, 1996 in Ulster County, which denied defendant's motion to dismiss the complaint for lack of personal jurisdiction.

On December 10, 1993, plaintiff filed a summons and complaint alleging causes of action in negligence and strict

products liability seeking recovery for property damage as a result of a fire allegedly caused by a defective toaster manufactured by defendant, an unauthorized foreign corporation. After consulting a financial publication which indicated that "Black & Decker's" corporate headquarters were located in Baltimore, Maryland, plaintiff forwarded the pleadings to the Baltimore County Sheriff's office which effected service on Barbara Lucas, who was authorized to accept service on Black & Decker *Corporation*. Defendant moved to dismiss the complaint on the ground that the pleadings were not properly served on defendant because Black & Decker *Corporation*, a Maryland corporation, is a separate legal entity from defendant, a business incorporated in Delaware. Supreme Court denied defendant's motion without prejudice and this appeal ensued.

In its brief to this Court, defendant argues that service was not properly effected because it was not done in strict compliance with Business Corporation Law § 307, which defines the procedure to be followed when serving an unauthorized foreign corporation via the Secretary of State. Plaintiff denies that she attempted to effect service under Business Corporation Law § 307 and that any failure to comply with its provisions is irrelevant because service was made pursuant to CPLR 311.

Initially, we find that Business Corporation Law § 307 does not provide the only method by which an unauthorized foreign corporation may be served; rather, it is merely an alternative to CPLR 311. "Service of process on a foreign corporation that is doing business * * * in this State without authorization may be effected, *in addition to the methods specified in section 307 of the Business Corporation Law*, by delivery to a 'managing or general agent' or to 'any other agent authorized by appointment or by law to receive service'" (*Low v Bayerische Motoren Werke AG.*, 88 AD2d 504, 505, quoting CPLR 311 [former (1)] [emphasis supplied]). Strict compliance with Business Corporation Law § 307 is required only when a plaintiff "chooses" to acquire personal jurisdiction over a defendant pursuant to such statute (*Stewart v Volkswagen of Am.*, 81 NY2d 203, 208), clearly implying that it is not the sole method for serving an unauthorized foreign corporation.*

Defendant next contends that even if Business Corporation Law § 307 is inapplicable, service was improper because the affidavit of service required by CPLR 311 lacked sufficient factual information, i.e., a description of the person upon whom pro-

---

* Business Corporation Law § 307 (e) specifically provides that "[n]othing in this section shall affect the right to serve process in any other manner permitted by law" (*see*, Siegel, NY Prac § 95, at 26 [2d ed, 1997 Supp]).

cess was served. We reject this contention and find that defendant's reliance on *De Zego v Donald F. Bruhn, M.D., P. C.* (67 NY2d 875) is misplaced. In that case, the plaintiff relied on an affidavit of service because the principal of the defendant denied that he was personally served. The affidavit lacked specific factual details and thus was insufficient to rebut the defendant's sworn testimony (*see, id.*, at 877). In the instant action, the dispute is not whether Lucas was in fact personally served but whether she was authorized to accept service on behalf of defendant. " 'The fact that the original affidavit of service was improperly executed [in that it omitted the physical description of the person served] is not a jurisdictional defect, if in fact service was properly made' " (*Best v City of New York*, 101 AD2d 847, quoting *Mariano v Steinberg*, 87 AD2d 606).

Defendant's final contention is that service was improper because plaintiff served the wrong corporation. Notwithstanding defendant's denials about not manufacturing the subject toaster, service of process upon a subsidiary corporation can effectuate service on its parent under appropriate circumstances (*see, Taca Intl. Airlines v Rolls-Royce of England*, 15 NY2d 97). Without further development of the record regarding "Black & Decker's" corporate structure, we find that Supreme Court, on the record then before it, did not err in denying the motion to dismiss without prejudice to renew.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.