■ HOWARD WIEDER, Appellant, v MURRAY L. SKALA et al., Respondents. [707 NYS2d 829] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about July 23, 1999, which denied plaintiff's motion to amend the complaint so as to add a claim for punitive damages, unanimously affirmed, with costs.

Plaintiff, a lawyer, alleges that his employment with defendant law firm was terminated because of his insistence that

another lawyer with the firm be reported to the disciplinary authorities. Prior proceedings have determined that plaintiff has a cause of action for breach of contract, based on the firm's implied-in-law obligation in its relations with plaintiff to report professional misconduct (80 NY2d 628). Plaintiff now seeks to amend the complaint to add a claim for punitive damages, alleging that the firm's termination of him was egregious, morally reprehensible conduct directed not only at him personally but also at the public generally, which has a right to an ethical Bar, and that the firm's disregard of the attorney's misconduct constituted a pattern of egregious, morally reprehensible conduct directed not only at plaintiff personally, who the attorney was representing in the purchase of an apartment, but at other firm clients, who had a right to ethical representation.

We reject the claim for punitive damages as lacking in merit (*see, East Asiatic Co. v Corash*, 34 AD2d 432, 434). Even assuming in plaintiff's favor that the firm's conduct was egregious and morally reprehensible, it nevertheless remains, as prior proceedings herein have established, that such conduct does not constitute an independent tort (80 NY2d, *supra*, at 638-639). Unless a breach of contract is also actionable as an independent tort, the breach of contract cannot serve as a basis for an award of punitive damages (*see, Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 613, 614; *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316). Concur—Sullivan, P. J., Rosenberger, Williams, Wallach and Buckley, JJ.