■ CARL M. HESSEL, Respondent-Appellant, v GOLDMAN, SACHS & Co. et al., Appellants-Respondents. [722 NYS2d 21] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered July 14, 2000, which, to the extent appealed and cross-appealed from, denied the motion of defendant Goldman Sachs International (GSI) to dismiss the complaint as against it for lack of personal jurisdiction, denied defendants' motion to dismiss plaintiff's cause of action for tortious interference with contractual relations, but granted defendants' motion to dismiss insofar as to dismiss plaintiff's causes for malicious prosecution, abuse of process and prima facie tort, unanimously modified, on the law, to grant defendants' motion to the further extent of dismissing plaintiff's cause of action for tortious interference with contract, and to grant defendant Goldman Sachs International leave to renew its motion to dismiss the complaint as against it for lack of personal jurisdiction upon the completion of discovery, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant Goldman, Sachs & Co. dismissing the complaint as against it.

While defendants argue that the complaint should be dismissed in its entirety against GSI because there is no basis for long-arm jurisdiction over it, inasmuch as plaintiff, in responding to the motion to dismiss, has shown that jurisdiction "may exist," the motion was properly denied (*see, Federal Ins. Co. v Specialty Paper Box Co.*, 222 AD2d 254, 255). Although GSI correctly maintains that the training of its employees in New York would not of itself suffice as grounds for an assumption of long-arm jurisdiction (*see, Helicopteros Nacionales de Colombia v Hall*, 466 US 408), the nature of GSI's evidently close relationship with Goldman does raise an issue as to whether GSI took purposeful action to forge ties with New York and in so doing rendered its defense of a New York action a reasonably foreseeable prospect (*see, Burger King Corp. v Rudzewicz*, 471 US 462, 477-482). GSI may renew its motion to dismiss for lack of a jurisdictional nexus between it and New York upon the completion of discovery (*see, Van Wert v Black & Decker,* 246 AD2d 773).

The motion to dismiss as against GSI on jurisdictional grounds was also properly denied insofar as it was premised on the claim of improper service. Although GSI is an unauthorized foreign corporation, plaintiff was not required to serve it in the manner set forth in Business Corporation Law § 307 (Business Corporation Law § 307 [e]; *Van Wert v Black & Decker, supra*). It also had the option of serving GSI through

an agent authorized by appointment to receive service (CPLR 311). Plaintiff served a legal assistant at Goldman, who allegedly stated that she was authorized to accept service for GSI and endorsed the summons acknowledging her acceptance of process for GSI. Although she later submitted an affidavit stating that she was not in fact authorized to accept process for GSI, the motion court properly concluded that the service should be upheld since the process server "acted reasonably and with due diligence under the circumstances" and since "the manner of service, objectively viewed, was calculated to give and did give the corporate defendant fair notice of the commencement of this action" (*Belluardo v Nationwide Ins. Co.*, 231 AD2d 661, 661-662; *see also, Fashion Page v Zurich Ins. Co.* 50 NY2d 265, 272).

Plaintiff's tortious interference with contract cause should have been dismissed by the motion court because the statements in the U-5 forms upon which the cause is premised are privileged and because plaintiff expressly released any claims against defendants arising by reason of their provision of information reported on U-5 forms (*see, Procter & Gamble Co. v Quality King Distribs.*, 974 F Supp 190, 197-198; *Herzfeld & Stern v Beck*, 175 AD2d 689, 691, *lv dismissed* 82 NY2d 789).

The order should be affirmed in all other respects. Inasmuch as the allegations of the complaint, as incorporated by reference into plaintiff's cause for prima facie tort, make it clear that defendants' motive with respect to their treatment of plaintiff was, at least in part, to preserve their Scandinavian customer base so as to advance their own financial interests, and thus not solely to harm plaintiff, plaintiff's cause for prima facie tort is not viable (*see, WFB Telecommunications v NYNEX Corp.*, 188 AD2d 257, 258, *lv denied* 81 NY2d 709). Also correctly dismissed was plaintiff's malicious prosecution claim. Since there was nothing in the record before the motion court to contradict the allegations of the complaint that the proceedings against plaintiff had terminated in 1996, more than one year before the filing of the subject action, the unavoidable conclusion was that the malicious prosecution claim was time-barred.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Nardelli, J. P., Rubin, Saxe and Friedman, JJ.