Joyce TATE and Frank
Tate, Jr. Plaintiffs,

v.

MERCEDES–BENZ USA, INC.
and Prestige Motors, Inc.,
Defendants.

No. 1:00–CV–1597.

United States District Court,
N.D. New York.

July 25, 2001.

Thomas E. Dolin, Jr., O'Connell, Aronowitz Law Firm, Albany, NY, for plaintiff.

Matthew H. McNamara, Thorn, Gershon Law Firm, Albany, NY, Jay J. Friedrich, Gallo, Geffner Law Firm, Paramus, NJ, for defendants.

## MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

Presently before the Court is Plaintiffs' motion for remand. For the following reasons Plaintiffs' motion is GRANTED.

## I. BACKGROUND

Plaintiffs originally filed the above captioned complaint against Defendants on September 12, 2000 in the New York State Supreme Court in Albany County. On September 19, 2000, defendant Prestige Motors, Inc. ("Prestige") was personally served with a copy of the Summons and Complaint. On September 22, 2000, defendant Mercedes Benz USA, Inc. ("Mercedes") was also served with a copy of the Summons and Complaint.

On October 19, 2000, one month after the first defendant was served, defendant Mercedes removed the action to this Court pursuant to 28 U.S.C. § 1441(a) alleging that because the parties were completely diverse the case could have originally been filed here. At the time Mercedes filed its removal petition it did not obtain the consent of defendant Prestige. Mercedes claims that it had no way of knowing that defendant Prestige was an actual party to the suit at the time it filed its removal petition because Plaintiffs failed to file proof of service upon Prestige with the Albany County Clerk's office until October 20, 2000. Nevertheless, on December 11, 2000 defendant Prestige submitted an affidavit with this Court indicating that it consented to Mercedes' October removal. Plaintiffs argues, in part, that because Prestige did not consent to the October

removal petition when it was originally filed, this Court should remand the case back to state court.

## II. DISCUSSION

### A. General Principles for Removal

Under 28 U.S.C. § 1441, state court defendants may remove the state action to federal court if it could have been originally filed in federal court and the defendant files a notice of removal with the federal court within thirty days after service of the state court complaint. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446; *McClelland v. Longhitano*, 140 F.Supp.2d. 201, 202 (N.D.N.Y.2001). The removing party has the burden to demonstrate not only the jurisdictional basis for removal, but also necessary compliance with the statutory removal requirements. *See Maybruck v. Haim*, 290 F.Supp. 721, 724 (S.D.N.Y.1968). Additionally, because federal courts are courts of limited jurisdiction and removal implicates significant concerns of judicial comity and federalism, the removal statute must be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *In re NASDAQ Mkt. Makers Antitrust Litig.*, 929 F.Supp. 174, 178 (S.D.N.Y.1996).

### B. Unanimity Requirement in Cases with Multiple Defendants

When a case has multiple defendants it is generally accepted that timely consent of each defendant is required as a precondition for removal. *See Chicago, Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 249, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Bradford v. Harding*, 284 F.2d 307, 309 (2d Cir.1960); *Sentry Mktg. v. Unisource Worldwide, Inc.*, 42 F.Supp.2d 188, 191 (N.D.N.Y.1999). Absent such consent, the removal petition is defective and the usual course of conduct is for the

federal court to remand the action back to state court. *See Forum Ins. Co. v. Texarkoma Crude and Gas Co.,* No. 92 CIV 8602, 1993 WL 228023, at *2 (S.D.N.Y. June 22, 1993). While each defendant must consent to the removal petition, it is not required that all defendants sign the removal petition itself. *See Town of Moreau v. State Dep't of Envtl. Conservation,* No. 96–CV–983, 1997 WL 243258, at *6 (N.D.N.Y. May 5, 1997). Rather, courts typically require that each defendant timely submit some form of "unambiguous written evidence of consent." *Id.* at *4.

### C. Timeliness of Consent to Removal Petition

There are three separate rules that Courts have fashioned to determine the timeliness of a defendant's consent to a removal petition. According to the majority view ("first served controls rule"), consent is considered timely if it is received within thirty days of service upon the first-served defendant. *See id.* at *6. Other courts have fashioned a rule measuring the timeliness of each defendant's consent from the date that the last defendant is served with process ("last served controls rule"). *See Weimer v. City of Johnstown,* 931 F.Supp. 985, 991 (N.D.N.Y.1996). Rejecting both rules and adopting an intermediate approach, at least one Circuit has held that the consent of each defendant is, in part, measured on the date that each is served ("McKinney Rule"). *See McKinney v. Bd. of Trustees of Md. Cmty. Coll.,* 955 F.2d 924, 928 (4th Cir.1992). Under the McKinney rule "the first served defendant must petition for removal within thirty days" of service or its inaction will prevent later served defendants from removing the case. *See id.* at 926. Assum-

ing it does so, later served defendants have thirty days from the time they are served with process to join the otherwise validly filed removal petition. *See id.* at 928.

The rationale underpinning the Fourth Circuit's conclusion is that under the "first served controls rule," plaintiffs could use dilatory tactics to overcome the legitimate removal rights of defendants. *Id.* As the Fourth Circuit cogently observed when rejecting the "first served controls rule:"

> Suppose, for example, plaintiff serves defendant A, thus starting the thirty day period running, and then maneuvers to serve defendant B late on the thirtieth day. Obviously B is unlikely to rush to the courthouse door before it closes to file his joinder of A's removal petition; he is unlikely to even realize what is happening to him before it is too late ... This cannot be what Congress had in mind.

*Id.* (quoting *McKinney v. Bd. of Trustees of Md. Cmty. Coll.,* 713 F.Supp. 185, 189 (W.D.N.C.1989)). In other words, "[u]nder a strict application of the first served controls rule, a plaintiff could thwart a subsequently served defendants' right of removal by delaying service of additional defendants until more than thirty days after service of the previously served defendant." *Bazilla v. Belva Coal Co.,* 939 F.Supp. 476, 479 (S.D.W.Va.1996).

 This Court holds that, of the three rules outlined above, the Fourth Circuit's interpretation of 28 U.S.C. § 1446(b) is the better reasoned and concludes that an individual defendant has thirty days from the time that it is served with process to join in an otherwise valid removal petition.[1] Applying this rule to the instant set

---

1. The Fourth Circuit did not directly address the operation of its rule in a situation where the later defendant is served within a couple

of days of the first served defendant and elects to file a removal petition independently of the first, as is the situation here. The logical

of facts reveals that defendant Mercedes' petition for removal, although filed in a timely fashion under *McKinney*, is defective because defendant Prestige did not consent to removal within thirty days. Under the *McKinney* rule as expanded in footnote 1 of this opinion, since the first served defendant did not elect to file a removal petition itself, Mercedes had until October 19, 2000 to both file its removal petition and obtain Prestige's consent to it.

Defendant Mercedes argues that it could not have obtained Prestige's consent by October 19, 2000 because Plaintiffs did not file proof of service upon Prestige with the Albany County Clerk's office until October 20, 2000, one day after the thirty day deadline expired. According to Mercedes, because Plaintiffs did not file quickly the affidavit of service, it did not have "constructive awareness" of Plaintiffs' service on Prestige and it did not "have a reasonable time in which to obtain the consent or joinder" of Prestige to its removal petition. *Milstead Supply Co. v. Cas. Ins. Co.*, 797 F.Supp. 569, 573 (W.D.Tex.1992). Mercedes opines that since it lacked "constructive awareness" of Plaintiffs' service of process on Prestige, the Court should not hold Prestige's late consent against it.

The Court rejects Mercedes argument. The proper inquiry under the McKinney rule is not whether the later served defendant had "constructive" or "actual" notice of service of process on the earlier served defendant. Rather, the inquiry is on the adequacy of service of process on defendant Prestige. Assuming service of process on Prestige, when objectively viewed, "gave fair notice" to it about the pending state court suit, *Mermelstein v. Maki*, 830 F.Supp. 180, 183 (S.D.N.Y.1993), Mercedes' lack of "constructive knowledge" about service on Prestige becomes irrelevant as Prestige had a burden to either timely file its own removal petition or join Mercedes' petition.[2] That the operation of this rule requires the Court to hold Prestige's late consent against Mercedes is simply a function of the fact that the carefully crafted mandates of the removal statute are interpreted strictly in order to balance a plaintiff's right to select its forum against the need to promote unanimity among defendants. *See Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1263 (5th Cir.1988).

## D. Adequacy of Service of Process on Defendant Prestige to Trigger Thirty Day Removal Clock

To aid the Court in answering whether Plaintiffs' service of process on Prestige gave it fair notice about the pendency of the state court action against it, Plaintiffs state that defendant Prestige was served pursuant to section 308 of New York's Civil Practice Law. Unfortunately for Plaintiffs, section 308 is inapplicable to the instant suit as it specifies standards for personal service upon a natural person. *See* N.Y. C.P.L.R. § 308 (McKinney 2001).

application of the McKinney rule to this situation is that the first served defendant must consent to the later served defendant's removal petition within thirty days of service of the Summons and Complaint upon it, regardless of when it receives the later served defendant's petition. In essence, the first served defendant's inaction imposes a burden on the later defendant seeking removal to ensure that its removal petition is filed within thirty days of the first served defendant's receipt of the Summons and Complaint. Furthermore, the later served defendant must ensure that the first served defendant consents to its removal petition at some point during this thirty day period. In this situation the McKinney rule operates identically to the "first served controls rule."

**2.** This is true even if service on Prestige was technically defective. *See Mermelstein*, 830 F.Supp. at 183.

Instead, Plaintiffs should have utilized the provisions contained in section 311 of New York's Civil Practice Law to serve process on defendant Prestige or, assuming Prestige was not authorized to do business here, section 307 of New York's Business Corporation Law. *See* N.Y. C.P.L.R. § 311 (McKinney 2001); N.Y. Bus. Corp. Law § 311 (McKinney 2001); *Van Wert v. Black & Decker Inc.*, 246 A.D.2d 773, 774, 667 N.Y.S.2d 770 (3d Dep't 1998).

Under section 311 of New York's Civil Practice Law, personal service upon a foreign or domestic corporation shall be upon "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(1) (McKinney 2001). Under section 307(c)1 of New York's Business Corporation Law, Plaintiffs could have effectuated service of process on defendant Prestige by personal service provided it filed an affidavit of compliance within thirty days of personal service on Prestige with the Albany County Clerk's office. *See* N.Y. Bus. Corp. Law § 311 (McKinney 2001). In this case Plaintiffs personally served Prestige's manager, Mark Forhecz, with a copy of the Summons and Complaint.

Although the Court expresses no opinion, given the sparse record before it, as to whether Plaintiffs strictly complied with the mandates of section 307 of New York's Business Corporation Law when it filed its affidavit of service with the Albany County Clerk's office on October 20 or whether it was in compliance with section 311(1) of New York's Civil Practice Law, it does find that personal service on Prestige's manager did give it fair notice sufficient to trigger the thirty day statutory removal period. Specific to this finding is the fact, uncontested by defendant Prestige, that Mark Forhecz was authorized to accept service of process on its behalf. As a result, the thirty day time period for defendant Prestige to either file its own petition for removal or join in defendant Mercedes removal petition began to run on that date. Since defendant Prestige did not satisfy either of these burdens or Mercedes did not diligently act to obtain Prestige's consent to remove, the above captioned case must be remanded to New York State Supreme Court.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that Plaintiffs' motion for remand is GRANTED; and it is further

ORDERED that the above captioned case is REMANDED to the Supreme Court of New York for the County of Albany; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.