■ J. JOSEPH BAINTON, Appellant, v BARBARA BARAN et al., Respondents. [731 NYS2d 161] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered June 13, 2000, which, upon the prior grant of defendants' motion pursuant to CPLR 3211 (a) (1) and (7), dismissed the complaint, with prejudice, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered May 15, 2000, as amended by order, same court and Justice, entered June 2, 2000, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

In this action brought by a terminated equity partner in a law firm, the motion court properly dismissed the cause of action against the law firm for breach of the implied covenant of good faith. Contrary to plaintiff's contention, unlike the circumstance in *Wieder v Skala* (80 NY2d 628), plaintiff was not expected to choose between continuing his partnership and unethical behavior, since he engaged in the conduct that allegedly resulted in his termination before speaking with his partners and, moreover, explicitly admits in his complaint that an additional motivation for his expulsion was his partners' belief that his productivity had diminished. To the extent that Illinois law may be controlling with respect to this issue, the motion court correctly determined that existing law in that State does not provide for a *Wieder*-type cause of action and appropriately declined to postulate such a rule for that jurisdiction.

The cause of action for tortious interference with contractual relations, brought against the client accounting firm that had complained to the law firm about plaintiff's conduct, was properly dismissed in light of the provision in the law firm's partnership agreement authorizing dismissal without cause. Plaintiff's at-will position was therefore only a prospective contractual relation, and thus cannot support a claim for tortious interference with an existing contract (*Snyder v Sony Music Entertainment*, 252 AD2d 294, 299; *American Preferred Prescription v Health Mgt.*, 252 AD2d 414, 417).

The motion court also properly rejected plaintiff's attempt to recast his claims as prima facie tort, since plaintiff's allegations in his complaint indicating that defendants acted in their self-interest, and not solely out of disinterested malevolence, are admissions fatal to this cause of action (*Hessel v Goldman, Sachs & Co.*, 281 AD2d 247; *American Preferred Prescription v Health Mgt.*, *supra*, at 416). Moreover, plaintiff's claim of lost income based upon the law firm's compensation allocation formula was an insufficient allegation of special damages (*see, Vasarhelyi v New School for Social Research*, 230 AD2d 658, 660).

While it is unnecessary to address plaintiff's claims for punitive damages, as such claims fall with the substantive causes of action to which they are appended, we note that we have recently held in the very case upon which plaintiff relies that punitive damages do not lie for breach of the implied covenant of good faith (*Wieder v Skala*, 272 AD2d 58).

We have considered plaintiff's other contentions and find them unavailing. Concur—Tom, J. P., Mazzarelli, Wallach and Friedman, JJ.