■ MARY A. SPINALE et al., Appellants, v 10 WEST 66TH STREET CORPORATION, Respondent, et al., Defendants. [736 NYS2d 879] —Order, Supreme Court, New York County (Edward Lehner, J.), entered August 30, 2000, which granted defendant cooperative board's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

This is an action by shareholders against their residential cooperative corporation, seeking damages for malicious prosecution, abuse of process, intentional infliction of emotional distress, prima facie tort, breach of fiduciary obligation and tortious interference with prospective business opportunity, based on the board's prosecution of an unfounded ejectment ac-

tion against them and the board's rejection of one of plaintiffs' joint application with another shareholder to purchase another unit in the building. The motion court properly dismissed as untimely the causes of action for malicious prosecution, abuse of process and intentional infliction of emotional distress, since the order dismissing the ejectment action was entered on February 7, 1996, and plaintiffs' summons with notice was filed over one year later, on February 26, 1997 (*see, Spinale v Guest*, 270 AD2d 39; *Beninati v Nicotra*, 239 AD2d 242). The cause of action for prima facie tort was properly dismissed in light of plaintiffs' inability to demonstrate that they had sustained special damages (*Leather Dev. Corp. v Dun & Bradstreet*, 15 AD2d 761, *affd* 12 NY2d 909) or that defendant's sole motive was disinterested malevolence (*see, e.g., Bainton v Baran*, 287 AD2d 317, 317). The cause of action for breach of fiduciary duty was clearly asserted against the individual defendants only, and was properly dismissed on that ground.

The cause of action for tortious interference was also properly dismissed, since the board's action was shielded by the business judgment rule based upon its reliance on the advice of counsel (*see, Allen v Murray House Owners Corp.*, 174 AD2d 400, 404-405, *lv denied* 78 NY2d 860). Plaintiffs' claimed need for discovery on this issue does not warrant denial of defendant's motion, especially since it is undisputed that, in response to the board's offer, plaintiffs never provided the names of board members they wished to depose. Concur—Nardelli, J.P., Mazzarelli, Saxe, Sullivan and Ellerin, JJ.