SNAKEPIT AUTOMOTIVE, INC., Plaintiff,

v.

SUPERPERFORMANCE INTERNATIONAL, LLC, Lance Stander, East Main Street, Inc., d/b/a/ 101 Motorsports, Kenneth Mistler, Andy Mistler, Classic Concepts, Ltd., And Nicholas Losurdo, Defendants.

No. 07–CV–1547 (ADS)(WDW).

United States District Court, E.D. New York.

May 25, 2007.

---

Pryor & Mandelup, L.L.P., by Scott Mandelup, Esq., Randolph E. White, Esq., Of Counsel, Westbury, NY, for the Plaintiff.

Blank Rome LLP, by Jeremy J.O. Harwood, Esq., Jack A. Greenbaum, Esq., Of Counsel, New York, NY, for the Defendants Superperformance International, LLC and Lance Stander.

Silverman Perlstein & Acampora, LLP, by Robert J. Ansell, Esq., Rachael E. Dioguardi, Esq., Of Counsel, Jericho, NY, for the Defendants East Main Street, Inc., Kenneth Mistler and Andy Mistler.

Chris G. McDonough, Melville, NY, for the Defendants Classic Concepts and Nicholas Losurdo.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On March 29, 2007, the Plaintiff Snakepit Automotive, Inc. (the "Plaintiff" or "Snakepit"), filed a complaint in New York Supreme Court, Nassau County, against the Defendants Superperformance International, LLC ("Superperformance"), Lance Stander ("Stander"), East Main Street Inc., d/b/a 101 Motorsports, Kenneth Mistler, Andrew Mistler, Classic Concepts, Ltd., and Nicholas Losurdo (collectively the "Defendants"). On April 13, 2007, the Defendant Superperformance removed the action to this Court contending

that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Presently before the Court is the Plaintiff's motion to remand this action to state court pursuant to 28 U.S.C. § 1447. The Defendant Superperformance crossmoves to change venue and stay the action pending arbitration.

## I. BACKGROUND

On March 29, 2007, the Plaintiff filed a complaint in state court alleging that the Defendants breached a contract; committed fraud; unfairly competed with the Plaintiff; misappropriated business opportunities; misappropriated proprietary information; tortiously interfered with a contract; were unjustly enriched; and defamed the Plaintiff. The Plaintiff also seeks a declaratory judgment with regard to its contractual rights; an injunction enforcing those rights; and an accounting.

According to the complaint, the Plaintiff, a New York corporation, sells rolling chassis and related products, necessary for the production of replicas of classic high performance cars. Superperformance distributes Superperformance Rollers to authorized dealers who resell them to members of the public. The Plaintiff is an exclusive dealer of Superperformance Rollers. These Rollers are a high cost luxury item for which a limited sales market exists.

In 2005, Superperformance purchased the distribution rights for Superperformance products and the rights of Superperformance International, Inc., the prior distributor. Thereafter, Superperformance and Slander, a manager of Superperformance, imposed prohibitive costs and quotas on exclusive dealers, inconsistent with the terms of the agreements under which the various exclusive dealers, such as Snakepit, operated. The exclusive dealers met and executed a written Agreement of Understanding. Thereafter, Superperformance drafted a dealership agreement incorporating some of the terms from the Agreement of Understanding. However, various terms were omitted from the proposed dealership agreement and the Plaintiff, as well as other exclusive dealers, objected. Aided by the other Defendants, it is further alleged that Superperformance established a dealership in direct competition with the Plaintiff.

In December 2006, the Plaintiff discovered that Superperformance planned to terminate the Plaintiff as an exclusive dealer. In January 2007, the Plaintiff's counsel informed Superperformance that by establishing a dealership in Snakepit's marketing area of Long Island, it was acting in violation of Snakepit's contractual rights and that the individual Defendants were tortiously interfering with Snakepit's contract.

On February 27, 2007, Stander, on behalf of Superperformance, declared that Snakepit was in default of its obligations to purchase rollers. Superperformance further purported to immediately terminate the Agreement of Understanding and threatened to eliminate Snakepit as a dealer.

On April 13, 2007, Superperformance removed the action to this Court. In the notice of removal, Superperformance contends that the Plaintiff's request for a declaratory judgment and injunctive relief is actually a cause of action pursuant to 15 U.S.C. § 1221, the Automobile Dealers' Day in Court Act, and therefore, federal question jurisdiction exists. Superperformance further contends that the Plaintiff's request for declaratory and injunctive relief should be stayed while Superperformance moves to arbitrate that claim. The remaining Defendants have not signed written consents to the removal.

Thereafter, on April 25, 2007, the Plaintiff moved to remand the action to state court. The Plaintiff contends that it does not seek relief pursuant to any federal statute and that, despite Superperformance's claims, the Automobile Dealers' Day in Court Act does not apply because Superperformance is not an automobile manufacturer and Snakepit, as a seller of rolling chassis, is not a dealer. In addition, the Plaintiff notes that diversity does not exist because the Plaintiff, as well as various Defendants, are New York residents.

In opposition to the motion to remand, Superperformance contends that the Plaintiff's second cause of action seeks a declaratory judgment and injunctive relief premised upon the terms of the dealership agreement. Superperformance contends that the dealership agreement contains an arbitration clause and that the Plaintiff's claim for declaratory relief should be arbitrated. Also, it contends that, pursuant to the Federal Arbitration Act, the federal courts have jurisdiction. Superperformance further alleges that this Court should transfer venue to the United States District Court in California and stay all proceedings pending resolution by the that court.

## II. DISCUSSION

### A. As To Removal

Section 1441(a) of title 28 of the United States Code states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441; *see also Lincoln Property Co. v. Roche*, 546 U.S. 81, 126 S.Ct. 606, 610, 163 L.Ed.2d 415 (2005) (explaining that section 1441 "authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court").

■■■ "Generally, the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *NYU Hosp. Ctr.-Tisch v. Local 348 Health & Welfare Fund*, No. 04–6937, 2005 WL 53261, at 1, 2005 U.S. Dist. LEXIS 256, at *2–3 (S.D.N.Y. Jan. 6, 2005) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)) (internal quotations omitted). As such, "a defense that [a] plaintiff's claims are preempted by federal law [usually will not suffice for the purpose of conferring] federal question jurisdiction, which must be determined by reference to the allegations that appear on the face of a well-pleaded complaint." *Marcella v. Capital Dist. Physicians' Health Plan*, 293 F.3d 42, 45 (2d Cir.2002) (quoting *Plumbing Indus. Bd. v. E.W. Howell Co.*, 126 F.3d 61, 66 (2d Cir.1997) (internal citations omitted)).

■■■ However, those prohibitions do not prevent a federal court from looking beyond a plaintiff's complaint to determine whether there is federal question jurisdiction in certain limited circumstances. *Greenfield v. National Westminster Bank USA*, 846 F.Supp. 302, 305 (S.D.N.Y.1994) (citations omitted); *see also Bowlus v. Alexander & Alexander Servs., Inc.*, 659 F.Supp. 914, 918 (S.D.N.Y.1987) ("In [limited] circumstances, a federal court may look behind the complaint to preclude a plaintiff from defeating federal question jurisdiction through artful pleading, that is, by disguising a federal claim as a

claim arising under state law"). Under the artful pleading doctrine, a federal court considering a removal petition can look beyond a plaintiff's complaint when (1) "preemption has eliminated the legal foundation of [a] plaintiff's state law cause[ ] of action" or (2) the "plaintiff chooses a state forum in order to evade the consequences of prior federal litigation." *Greenfield,* 846 F.Supp. at 305 (citations omitted); *see also Contreras v. Host Am. Corp.,* 453 F.Supp.2d 416, 418 (D.Conn.2006) ("The cases in which federal courts have permitted removal on the basis of the artful pleading doctrine fall into two general categories: (1) cases in which federal preemption has eliminated the legal foundation of plaintiff's state law claims (complete preemption), and (2) cases in which plaintiff's choice of a state forum is motivated by the desire to evade the consequences of [federal] litigation").

**B. As To Consent Of All Defendants**

■ "Under 28 U.S.C. § 1447 Plaintiff has a right to bring a motion for remand on the basis of any defect in the notice of removal." *Dunlop v. City of New York,* No. 06–CV–433, 2006 WL 2853972, at *2, 2006 U.S. Dist. LEXIS 72315, at *5–6 (S.D.N.Y. Oct. 3, 2006). "There is general agreement among the courts that '[a]ll the defendants must join in seeking removal' from state court." *Id.* (citing *Bradford v. Harding,* 284 F.2d 307, 309 (2d Cir.1960)). "This requirement is known as the rule of unanimity." *Id.* (citing *Smith v. Kinkead,* No. 03 Civ. 10283, 2004 WL 728542, at *2, 2004 U.S. Dist. LEXIS 5647, at *6 (S.D.N.Y. Apr. 5, 2004)); *Beatie & Osborn LLP v. Patriot Sci. Corp.,* 431 F.Supp.2d 367, 383 (S.D.N.Y.2006) ("Although there is no statutory requirement that all defendants either must join the petition for removal or consent to removal, courts have consistently interpreted 28 U.S.C. § 1446 as requiring that all defendants consent to

removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity' "). "This rule applies regardless of whether federal subject matter jurisdiction is based on diversity or federal question." *Newkirk v. Clinomics Biosciences, Inc.,* No. 06–CV–0553, 2006 WL 2355854, at *3, 2006 U.S. Dist. LEXIS 60107, at *8 (N.D.N.Y. Aug. 15, 2006) (internal citations omitted).

■ In fact "it is ... well settled in this jurisdiction that all defendants must join a removal petition or else the petition is defective and the case must be remanded." *Forum Insurance Company v. Texarkoma Crude and Gas Co.,* No. 92 Civ. 8602, 1993 WL 228023, at *2, 1993 U.S. Dist. LEXIS 8463, at *6 (S.D.N.Y. June 22, 1993); *see also Newkirk,* 2006 WL 2355854 at *3, 2006 U.S. Dist. LEXIS at *8 ("the consent of all defendants in a multiparty case is a 'precondition' to removal"); *Green v. National Association of Professionals and Executives,* No. 92 Civ. 0424, 1992 WL 212348, at *2, 1992 U.S. Dist. LEXIS 12608, at *7 (S.D.N.Y. Aug. 21, 1992) ("As a general rule, the consent of all defendants in a multiparty case is a 'precondition' to removal"). Specifically, "[a]bsent consent of all parties, 'the removal petition is defective[,] and the usual course of conduct is for the federal court to remand the action back to state court.' " *Newkirk,* 2006 WL 2355854 at *3, 2006 U.S. Dist. LEXIS at *9 (citing *Tate v. Mercedes–Benz USA, Inc.,* 151 F.Supp.2d 222, 223 (N.D.N.Y.2001)).

■ "The unanimity rule is subject to three pivotal exceptions." *Newkirk,* 2006 WL 2355854, at *3, 2006 U.S. Dist. LEXIS 60107, at * 9. "[A] party asserting proper removal may raise an exception to the unanimity rule when: '(1) the non-joining defendants have not been served with service of process at the time the removal

petition is filed; (2) the non-joining defendants are merely nominal or formal parties; [or] (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c).' " *Id.* (citing *Varela v. Flintlock Constr., Inc.*, 148 F.Supp.2d 297, 300 (S.D.N.Y.2001)). Courts narrowly interpret " 'separate and independent', requiring clear disassociation between the claim to be removed under Section 1441(c) and any otherwise unremovable claim." *Elsis v. Hertz Corp.*, 581 F.Supp. 604, 607 (E.D.N.Y.1984) (citing *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951)). "[C]laims arising from a single wrong or single invasion of a right are not separate and independent causes of action. Likewise ... where a single cause of action stems from facts that are complex, from an interlocked series of transactions, or where liability lies among several parties, there are no separate and independent claims within the meaning of Section 1441(c)." *Id.*

In the present case, Superperformance filed a notice of removal. The other Defendants did not join the notice removal and have not filed any papers with this Court. Moreover, the period for the remaining Defendants to consent to removal expired on April 30, 2007, thirty days after the complaint was served.

Further, there is no applicable exception to the unanimity rule. The non-joining Defendants were served with process, as well as copies of the Plaintiff's motion to remand, and appeared before this Court at a conference. In addition, the Plaintiff asserts specific claims in the complaint against the non-joining Defendants and there is no evidence that they are nominal or formal parties. Finally, Superperformance removed the entire action to this Court, not a separate and independent claim.

Although, in the notice of removal and its opposition papers, Superperformance argues that the Plaintiff's cause of action seeking declaratory and injunctive relief regarding its rights pursuant to the dealership agreement is governed by federal law, this claim is not "separate and independent" from the remaining claims. Most of the causes of action set forth in the Plaintiff's complaint relate to interpretation of the contract between the parties and interference with the Plaintiff's contractual rights. Specifically, in addition to seeking a declaratory judgment of its rights under the contract, the Plaintiff alleges that the Defendants breached the contract and tortiously interfered with the contract. There is no "clear disassociation" between the claim seeking declaratory relief and the remaining claims that also require interpretation of the contract. *Elsis,* 581 F.Supp. at 607. Finally, all of the Plaintiff's claims arise from the same series of transactions and liability allegedly lies among several parties. *Id.* As such, the exceptions to the unanimity rule do not apply.

Accordingly, in the absence of a consent to the removal by any of the other six Defendants, the Plaintiff's motion to remand this case to state court is granted.

### III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the Plaintiff's motion to remand the case to state court is **GRANTED;** and it is further

**ORDERED,** that the Defendant Superperformance's motions to change venue and stay proceedings are **DENIED** as moot; and it is further

**ORDERED,** that the Plaintiff's motion for a temporary restraining order and preliminary injunction are **DENIED** as moot; and it is further

**ORDERED,** that the Clerk's Office is directed to close this case.

**SO ORDERED.**